DUCK RIVER VALLEY NARROW GAUGE R. R. Co. in error v. W. W. COCHRANE.

1. ACTION. *Damages. Railroad.* For land appropriated for the building of a railroad chartered under the general law since the Constitution of 1870, the owner may commence suit by petition for a jury of inquest, or he may bring an action on the facts of the case to recover the value of the land and damages.

2. RAILROAD. *Quantity of land appropriated.* The entry and construction of the road without taking any steps to condemn the land, will be regarded as an appropriation of so much of the land as the law authorized.

Railroad v. Cochrane.

3. SAME. *Same. Description of land by jury. When sufficient.* The description of the land by the jury as fifty feet from the center of the railroad track on each side is sufficient. It need not be by metes and bounds. The road-bed is a permanent land mark, and fifty feet from the center may be rendered certain.

FROM MAURY.

Appeal in error from the Circuit Court of Maury county. W. S. McLEMORE. J.

LEWIS BROS. for Railroad.

G. P. FRIERSON for Cochrane.

McFARLAND, J., delivered the opinion of the court.

This was an action begun by Cochrane in the circuit court to recover damages for land taken and appropriated by the railroad company in constructing its road across his farm. It is in form an ordinary action of trespass, one count of the declaration setting out substantially the facts of the case. The first question made is, that the remedy given by our statutes and by the charter of the company is exclusive of all other remedies.

1t was held by this court in the case of *John Calcough* v. *The N. & N. W. R. R. Co.*, 2 Head, 171, that the remedy pointed out by the charter was in general, not cumulative, but to be taken as exclusive. And the same holding was adopted in other cases. But upon the enactment of our Code in 1858, general provisions applicable to all persons or corporations authorized to take private property were adopted. See sec. 1325 *et seq.*

The remedy pointed out is substantially similar to the remedy given in the charters of the leading railroad companies, that is, by petition to the circuit court, a jury of inquest, etc. After pointing out specifically by the company, sec. 1347 provides as follows: "If, however, such person or company has actually taken possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had as near as may be, as hereinbefore provided; *or he may sue for damage in the ordinary way,* in which case the jury shall lay off the land by metes and bounds, and assess the damages as. upon the trial of an appeal from the return of a jury of inquest."

The latter clause of this section leaves no doubt as to the right of the owner to bring an action in the ordinary way, which can mean nothing else than an action of trespass or an action upon the facts of the case to recover the value of the land and the damages.

The decisions referred to holding the statutory remedy exclusive were made upon cases previously arising under special charters, and could not have been made in reference to the foregoing section of the Code.

Subsequent to this, however, and after the Constitution of 1870 had forbidden the granting of special charters, the Legislature passed general laws, under which the Duck River Valley Narrow Gauge Railroad Company was organized, and this act also points out the mode to be pursued by companies organized under

it for condemning private property, the mode pointed
out being in substance the same as that pointed out
by the Code before referred to (sec. 1325 *et seq.*), ex-
cept the provisions of 1347 are not embraced.   See
the act of January 26, 1871, T. & S. Statutes, 507.
The remedy provided by this last named act relates
alone to proceedings to be instituted by the compa-
nies, and provides that such corporation, when organ-
ized, may proceed to take and appropriate property in
that mode and in no other.    No allusion, however,
is made to proceeding to be instituted by the *land
owners*, except to provide that they shall commence
"their proceedings" within twelve months; what pro-
ceedings they may commence are not defined.   We
hold that this does not, by implication or otherwise,
repeal the general provisions of sec. 1347, which gives
the land owner his option to proceed by petition in
the statutory mode, or by suit in the ordinary mode.
There was no error, therefore, in the action of the
circuit court in holding that it had jurisdiction of the
case.

The next ground of error assigned is as follows:
By the provisions of the acts of the Legislature under
which the present railroad company was organized, with
its amendments, the company had the right to take
and appropriate, for the right of way, not exceeding
one hundred feet in width.   The company, however,
failed to institute any proceedings, or in any manner
designate the land desired, but simply entered upon
and constructed their road through the plaintiff's land
without more.    Upon the trial the company insisted
        31—VOL. 3.

that they had the option to take less than one hundred feet, and that in the present action it was only liable for the land actually occupied. The circuit judge instructed the jury that if in the construction of the road the company had used the land as far as fifty feet on one side at any point, this might be regarded as an election to take the fifty feet on both sides the entire length, and the jury laid off the land and gave damages accordingly. We think the conclusion reached by the judge and jury was correct, though not precisely for the reason given by the judge. Assuming that the company might, by following the statute, have taken and appropriated at its option less than one hundred feet, yet having failed in any manner to designate the land to be appropriated, their entry and the construction of their road must be regarded as an appropriation of so much of the land as the law authorized. It is manifest that the jury could have no other rule, unless they be confined to the actual roadbed. And as between this rule and the one hundred feet provided by the law, we think the latter should control.

Next, the objection is made that the jury have not designated the land by metes and bounds. They designated fifty feet from the center of the railroad track on each side. This is sufficient, the road is a permanent land mark, and fifty feet from the center may be rendered certain. The rule of damages was correctly given, or if there was error it was not against the defendant. We cannot disturb the finding of the jury as to the amount of damages. This was a ques-

tion for them,· and there is evidence to support the verdict.

Affirm the judgment. It should be so amended, however, as to vest the defendant with title to the land.