R. A. BURKE v. NORTH VERNON LUMBER MILLS.

Western Section. June 30, 1931.

Petition for Certiorari denied by Supreme Court, January 23, 1932.

640

C. C. Lee and R. A. Ashley, both of Dyersburg, for appellant.
Latta & Latta, of Dyersburg, for appellee.

SENTER, J. The appeal in this case is from the decree of the County Judge of Dyer County, Tennessee, in favor of complainant on a certain note in the sum of $10,000, with interest and attorneys fees, executed by the defendant to complainant as one of the deferred payments on a tract of timber sold by complainant to the defendant. By special Act of the legislature the County Judge is given concurrent jurisdiction with the Chancery Court in matters of this kind.

The original bill alleged that the North Vernon Lumber Mills, a foreign corporation, purchased from complainant the timber on a tract of land belonging to complainant containing 1400 acres located in Dyer County, Tennessee, for the consideration of $35,000, $5,000 of which was paid in cash and three notes each dated October 1, 1929, and each for the sum of $10,000, and due and payable six, twelve and eighteen months after date, respectively, that the sale of said timber is evidenced by a contract in the form of a letter, and the three notes respecting the deferred payments provided for the payment of attorneys fees in the event the notes were placed in the hands of an attorney for collection, and also the notes in the face thereof retained title in the timber until the notes were paid.

The original bill sought a judgment for the amount of the note due twelve months after date, and the accrued interest and the attorneys fees, and also writs of attachment for the uncut timber and also for the lumber sawn from the timber cut from the land and then in the form of lumber on the saw mill yard of the defendant; and also writs of injunction enjoining the defendants from removing any of the said lumber from the saw mill yard until the further orders of the court.

The writs of attachment and injunction were issued as prayed for.

The defendant appeared and moved a dismissal of so much of the bill as seeks an attachment on four grounds mentioned in the motion. This motion was overruled by the court. Whereupon, the defendant moved a dismissal of so much and such parts of the bill as seek an injunction, and to dissolve the temporary injunction issued, and in said motion prays that in the event the court should disallow the motion to dissolve the injunction, that the court require complainant to give a sufficient injunction bond to fully indemnify the defendant from any loss and damage by reason of the injunction.

The defendant also and at the same time moved a dismissal of the suit on the ground that the alleged contract for the sale of the timber failed to properly describe the land or timber attempted to be conveyed, and thereby is within the statute of frauds with reference to the sale of real estate or standing timber; and because the note sued on does not describe the land or timber sold and is within the statute of frauds, and void because the sale of timber being void the note given for its purchase is also void.

Upon a hearing of these motions, the motion to dismiss the bill was overruled, and the motion to dismiss so much of the bill as sought an attachment was overruled, but the court in the order or decree directed that the injunction be modified so as to cover and apply to lumber cut from the timber sold by complainant to defendant; and to no other lumber on the lumber yard of defendant. The court further directed that the complainant be required to give an injunction bond for the sum of $12,500, within two days from the date of the order, and in event of failure to comply with that order the injunction would be dissolved. The complainant did not comply with the order and hence the injunction was dissolved by the terms of the order. Whereupon, the defendant asked for a reference to the Master to ascertain the damages suffered by reason of the issuance of said injunction. That motion was denied for the time being, with leave to renew when the cause had been heard and final decree on the bill rendered. The defendant was

given thirty days in which to answer the bill. Before an answer was filed or any other pleading by the defendant, the complainant filed an amended bill in which the tract of land upon which the standing timber was sold was described by metes and bounds. The amended bill further alleged that the third or final note due 18 months from date for the sum of $10,000, but which was not then due, was a lien on the timber on the tract of land, and prayed for a judgment on the note for $10,000 due 12 months from date, and to have a lien declared to secure both said notes, and the timber ordered sold on a credit of seven months barring the equity of redemption. The two respective notes and also the alleged contract for the sale of the timber were made exhibits to the original and amended bills. The contract for the sale of the timber in the form of a letter addressed by the defendant to the complainant, is as follows; dated September 14, 1930:

"Dr. R. A. Burke,

"Dyersburg, Tenn.

"Dear Sir:

"Concerning the purchase of the timber standing on some fourteen hundred acres of land belonging to you, at and near Carpenter, Tennessee (said land and timber being free from all encumbrances of any kind whatsoever), by the North Vernon Lumber Mills, Dyersburg, Tennessee, I, C. E. Platter, President of said North Vernon Lumber Mills, make the following offer, subject to conditions hereinafter mentioned:

"Five Thousand ($5,000) Dollars cash within ten days from this date. Three (3) notes for Ten Thousand ($10,000) Dollars each dated October 1, 1929. The first note to be due at the end of six months; the second note at the end of twelve months, and the third note at the end of eighteen months thereafter. All three notes bearing interest from date at the rate of six (6%) per cent per annum.

"We will exercise due care in handling the timber so as to preserve as nearly as possible growing trees too small for our use. All parts and tops of the timber not suitable for logs, except persimmon, hickory and ash to be retained by you, also all trees fifteen (15) inches and under diameter measurement, two (2) feet from the ground, except persimmon, hickory and ash to be retained by you.

"It is understood that three years time will be allowed by you for the removal of the timber, dating from January 1, 1930, but we have the privilege of commencing removal as soon as first payment of $5,000 is made.

"This proposal will be binding and considered a contract when signed in duplicate by you and ourselves.

"Accepted:                              "North Vernon Lumber Mills,
"Robert A. Burke.                    "C. E. Platter, Pres."

The note sued on due twelve months after date is as follows:

"$10,000                              "Dyersburg, Tennessee,
                                           "October 1, 1921.

"Twelve months after date, I, we, or either of us promise to pay to the order of Dr. R. A. Burke, Dyersburg, Tennessee, Ten Thousand, and 00/100 Dollars value received, negotiable and payable at the Mercantile Bank & Trust Company, Dyersburg, Tennessee.

"And if given to an attorney or officer for collection agree to pay all costs of collection and 10% of this note for attorneys fee. It is agreed by the makers and by the endorsers hereof, that demand, protest and notice of protest of this paper are expressly waived. And agree to all extensions and partial payments before or after maturity without prejudice to the holder. This note to bear interest at rate of 8% from date. Title of timber covered by this note to remain in R. A. Burke's name.

                          "(Signed)  North Vernon Lumber Mills,
                                           "By C. E. Platter, Pres."

The third note is in the same words and figures as the above, except that it is due eighteen months after date.

The answer filed by the defendant to the original and amended bill admitted the execution of the two notes and the contract made exhibits to the bill. It denied the right of complainant to maintain the suit under the amended bill on the third note, because of prematurity of action. The answer denies that complainant is entitled to recover attorneys fees on the note sued on, and denies that the complainant retained title to any timber which defendant purchased under the contract. The answer alleges that the contract in question is void and is in violation of the statute of frauds and perjuries, in that it does not describe the land, or its location sufficiently to identify same. The answer denies that defendant is liable on said notes because they are based upon a contract void under the statute of frauds. The answer denies that complainant has any lien on the timber or lumber cut from said timber, and denies that complainant retained title in the timber or lumber cut from said timber. The answer alleges that the timber was sold by complainant to the defendant with knowledge that the same was to be sawed into lumber for mercantile purposes and to be resold by the defendant, and that said lumber was not therefore subject

to the retention of title. The answer denies that there are any grounds for attachment alleged in the bill.

At the hearing of the cause the court decreed in favor of complainant, and decreed a judgment in favor of complainant for the amount of the note sued on in the original bill for the sum of $10,000 and accrued interest amounting to $830 and 10% attorneys fees amounting to $1,083, a total of $11,913 and the cost of the cause. The court further ordered and decreed that complainant had a vendor's lien on the standing timber to secure the purchase money notes, and decreed that unless the judgment for $11,913 be paid on or by the second day of April, 1931, that the Clerk of the court, after advertising the sale, would sell the standing timber to the highest and best bidder on a credit of seven months, and in bar of the equity of redemption or repurchase. The court further decreed that the complainant holds the title to all lumber sawn from trees removed from the land of complainant and then on the mill yard at the date of the filing of the bill, and that complainant is entitled to possession thereof under the said bill. An order of reference was directed to the Clerk to take proof and state where said lumber was located on the mill yard. An order of reference was also made to the Clerk that proof be taken together with the proof on file, and the amount of damage sustained by defendant because of the wrongful issuance of the injunction be ascertained and reported by the Clerk. The defendant prayed and was granted an appeal to this court from all of the decree except the reference on the question of damages suffered by defendant because of the wrongful issuance of the injunction. After the decree and after the appeal had been granted, but at the same term of the court, complainant, through his attorney, S. J. Latta, sought ancillary attachment to be levied on sufficient property of the defendant to secure the judgment rendered against it, which was supported by the affidavit of S. J. Latta. Upon the statements contained in the affidavit, and after counter-affidavits had been filed by the defendant, the court ordered the issuance of the attachment prayed for, upon condition that complainant execute an attachment bond in the sum of $24,000. To this action of the court the defendant excepted, and prayed an appeal to this court. Although the action of the court in directing the issuance of the ancillary attachment is made the basis of an assignment of error on this appeal, the attachment was not issued and levied on the defendant's property because of the failure of complainant to execute the attachment bond. In this situation we deem it immaterial and unnecessary to further consider this question.

The defendant perfected the appeal to this court and has assigned numerous errors.

By the first assignment it is said that the court erred in disallowing the motion of defendant to dismiss the original bill or so much thereof as seeks an attachment. This assignment is based upon the ground that the bill does not allege facts sufficient for an attachment. We think this assignment of error must be overruled. The complainant in the original bill alleged that he was entitled to a lien on the timber for the purchase price. It was also alleged that the defendant is a foreign corporation. There is not a bill of exceptions, and the record does not contain any evidence, although the decree recites that the cause was heard upon the original bill, the exhibits thereto, the answer of the defendant, and the proof and the whole record. Standing timber constitutes real estate, and the seller has an equitable lien on the real estate or timber sold to secure the deferred payment notes as between the seller and buyer, even though a lien is not specifically retained in the conveyance or contract of sale. (3 Pomeroy's Equity Jurisprudence, Sec. 1249, pages 2998-99; Eskridge v. McClure, 2 Yerg., 84; Ross v. Whitson, 6 Yerg., 50; Campbell v. Baldwin, 2 Hump., 248; Uzzell v. Mack, 4 Hump., 319, 40 Am. Dec., 648, and numerous other Tennessee cases.)

Timber may be sold separate from the land, but it is governed by the same rules applicable to the sale of real estate. Until it is severed from the land it is real estate. If timber is sold on a credit, the seller has an equitable lien for the deferred payments in the same way and manner that would apply in the case of the sale of the land. (17 R. C. L., Sec. 8, p. 1076.)

Attachment is the usual remedy for the enforcement of liens. We find no error, therefore, in the action of the court in overruling and disallowing the motion of defendant to dismiss so much of the bill as sought an attachment.

The second assignment is to the action of the court in disallowing the motion of defendant to dismiss the amended bill, on the grounds that permission of the court was not first had and obtained for the filing of the amended bill, and because the amended bill constituted a separate and distinct cause of action. This assignment must be overruled because the amended bill was filed before any answer or pleading was filed by the defendant, and leave to file an amended bill is not required unless made after argument of demurrer or after answer filed. (Gibson, Sec. 675, page 534.) It is only after an answer has been filed, or argument on demurrer, that it is necessary to obtain permission of the court to file an amended bill.

By the third assignment it is said that the court erred in holding and decreeing that complainant had a vendor's lien on the standing timber alleged to have been sold to defendant. Under this assignment it is contended that there was no valid sale of any timber from complainant to defendant, because the contract did not sufficiently describe the timber sold, and was therefore void. This contention cannot be sustained because the defendant acted under the contract and proceeded to cut and remove timber from the tract of land. He cannot claim ownership of the timber and at the same time deny the validity of the contract under which it was purchased. The only claim that defendant has to the timber is under the contract, and if this contract is void the defendant has no rights whatever in the timber, and his cutting and removing the timber would constitute a trespass.

The fourth assignment is directed to the action of the court in decreeing a judgment in favor of complainant and against the defendant for the sum of $11,913 on the note sued on. This assignment is based upon the ground that the contract of sale being in violation of the statute of frauds is void, and that the notes executed pursuant thereto are void because based upon a void contract. This assignment must also be overruled for the reason above set forth in the discussion of the third assignment.

The fifth assignment is directed to the action of the court in holding and decreeing that complainant retain title to all lumber sawed from the trees removed from complainant's land and upon the mill yard of defendant at the date of the filing of the bill.

Under this assignment it is urged that the lumber sawed from the trees and timber removed from the land constituted personal property, and that it was sold in contemplation of its being manufactured into lumber and resold as a merchantable commodity. It is further insisted under this assignment that the note does not describe the property in which title is alleged to be retained.

In reply to this assignment complainant relies upon Chapter 31 of the Public Acts of 1927, which provides that parol evidence shall be competent to identify or dispute the identity of personal property mentioned and included in a written contract or conditional sale, wherein the title to the personal property is retained by the vendor as security for the payment of the purchase money. Provided, this Act shall only apply to property which from its nature cannot be definitely described. Provided, further, that parol evidence shall only be admissible to supplement the description of said property set out in the original contract of sale.

The contract of sale does not attempt to give any definite description of the timber purchased, other than to refer to it as the 1400 acres of timber in and near Carpenter, Tennessee. The notes taken

for the deferred payments made no reference to any timber or that the note was given for any timber, except in the concluding clause the note recites, "Title to the timber covered by this note to remain in R. A. Burke's name."

In the case of Moore v. Bridges, 161 Tenn., 422, Chapter 31 of the Acts of 1927, was before the Court for construction, and wherein it is said:

"The Act of 1927 does not authorize the seller to stop short of the description unless the property is of such nature that it could not be definitely described. The seller could not, under a contract of sale of horses, describe them as twenty horses and thereafter single out one or more of the lot by parol evidence. . . . Because such a description is not as complete as the nature of the property would permit."

In the same case the Court said:

"Chapter 31, Acts of 1927, did not obviate the requirement of Chapter 15, Acts of 1899, that the Conditional Sales Contract be in writing and describe the property as required by our cases of Kinner v. Peters, and Owen v. Cole Motor Co. The latter Act requires that the seller include in the written contract a description as complete as the nature of the property may permit, and when that is done then parol evidence may be heard to particularize and identify the property so described."

It is the contention of appellee that the Act of 1927, Chapter 31, was intended to apply to just such a case as this, on the theory that lumber could not be described. However, at the time this timber was sold it was standing timber, and was then real estate. This was true at the time the notes were executed. Conditional sale laws apply to personal property and not to real estate. At the time the notes were given and the contract of sale entered into no personal property or chattels were sold. We are, therefore, of the opinion that title to lumber sawed from the logs subsequent to the sale could not be considered the subject of a conditional sale in which title could be retained. We are of the further opinion, however, that complainant had a lien on the property to secure the unpaid purchase money, and this is an equitable lien properly enforceable in a court of Chancery. This equitable lien covered the standing timber, and continued as an equitable lien in favor of complainant until the timber was paid for. Nor do we think that defendant could defeat this lien by cutting the timber and sawing it into lumber, and as long as it was in the possession of the defendant and not disposed of to an innocent purchaser without notice complainant would be protected by his lien, this lien,

however, to be enforced as other liens, either by attachment, or by the levy of an execution after judgment.

The sixth assignment of error has already been disposed of, and which goes to the action of the court in directing the issuance of an attachment on the property of defendant, since the attachment was not issued because complainant failed to execute the bond.

The seventh assignment contends that complainant could not maintain the suit until after the three year period allowed under the contract for the cutting of the timber had expired. This assignment is without merit. The due date of the note, or notes, would control. The decree of the Court below will be modified in accordance with the holding of this court in disposing of the fifth assignment of error, with reference to the retention of the title in the lumber, and in all other respects the decree is affirmed.

We failed to mention that appellee moved a dismissal of the appeal and affirmance of the decree, on the ground that a jury had been called for and waived, and no motion for a new trial was made by the defendant.

We do not find from the record that a motion for a jury was made in the lower court, except there is filed in the record a statement by the Clerk, and a paper marked filed, which recites that a jury was called for by the complainant. This motion was not entered on the minutes. There was no demand for a jury in the pleadings. There is nothing in the record to show that the attention of the Court was ever called to any demand for a jury. There is nothing in the record to show that a jury had been called for and waived. The motion for a dismissal of the appeal is overruled.

The cause will be remanded to the County Court of Dyer County to be further proceeded with in accordance with the decree of the lower court, as modified by this opinion. Appellant and surety on the appeal bond will pay the cost of this appeal.

Heiskell and Owen, JJ., concur.