JESSE J. MINOR, PETITIONER, v. E. I. DU PONT DE NEMOURS
& COMPANY.*

(*Nashville,* December Term, 1931.)

Opinion filed March 26, 1932.

---

*As to procedure prescribed by statute, see annotation in L. R. A.,
1916A, 271; L. R. A., 1917D, 181; 28 R. C. L., 824; R. C. L. Perm.
Supp., p. 6248; R. C. L. Pocket Part, title Workmen's Compensation,
section 112.

J. H. Acklen and W. H. Washington, for plaintiff in error.

Tyne, Peebles, Henry & Tyne, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

This is a suit for compensation, brought under the provisions of the workmen's compensation law, Acts 1919, chapter 123. It was dismissed by the circuit court because not brought within the time prescribed by law.

On June 19, 1930, the petitioner caused to be issued from the circuit court a summons, directing the defendant to appear and answer him "in an action to his damage in the sum of five thousand dollars for personal injuries." This writ was served on defendant June 26, 1930. No petition was then filed, and therefore no copy was then served on defendant.

Petitioner filed his petition, setting out the facts supporting his claim for compensation, on November 1, 1930. The petition averred that petitioner was an employe of defendant, and that he was injured by a fellow servant on July 29, 1929, less than one year prior to the date of the issuance of the summons, but more than one year prior to the filing of the petition.

Defendant answered and, among other defenses pleaded, averred that petitioner's suit was barred by the provisions of the compensation law, for his failure to file his petition until more than one year had elapsed

from the date of his injury. This defense was sustained by the circuit court, on motion.

The petitioner insists that his suit was properly begun by the issuance of the summons, and that the filing of the petition must be related to the date of the summons, according to the practice and rule obtaining in civil actions at law prosecuting by summons and declaration. Reliance is placed upon Shannon's Code, section 4445 (Code of 1932, section 8571), which provides that, for the purpose of determining the application of statutes of limitation, "the suing out of a summons is the commencement of an action."

The compensation law, Acts 1919, chapter 123, section 24, provides: "The right to compensation under this Act shall be forever barred unless within one year after the accident resulting in injury or death occurred . . . a claim for compensation under the provisions of this Act is filed with the tribunal having jurisdiction to hear and determine the matter."

Section 31 of the compensation law fixes "one year after the occurrence of the injury" as the time limit for "actions or proceedings by an injured employe to determine or recover compensation."

There is no repugnancy between the quoted provisions of the two sections, and both may be enforced. *Southern Ry. Co.* v. *Grigsby,* 155 Tenn., 285, 292 S. W., 3.

By section 32 of the compensation law jurisdiction of compensation cases is first conferred upon county courts, and a method or rule of procedure is prescribed. It was obviously the intention of the legislature to provide a simple and speedy method for determining disputes under this law. It was directed that upon the filing of a petition by the party invoking the powers of the

county court, the clerk shall issue a "summons accompanied by a certified copy of the petition, commanding the defendant to appear and make defense to said petition." The summons thus authorized is in all respects, both as to form and substance, similar to the summons issued by the clerk of a chancery court upon the filing of a bill in equity. Code of 1932, sections 10420, 10421.

Provisions of section 32 of the compensation law for filing the petition in a circuit or chancery court are: "The party filing the petition may, at his option, instead of filing the same before the County Judge or Chairman, file the same as an original petition in either the Circuit, Criminal, or Chancery Court of the county in which petitioner resides or in which the alleged accident happens, in which event summons shall be issued by the clerk of the court in which the proceeding is instituted," etc.

We have heretofore recognized and have given effect to the legislative intention that the technicalities of common-law pleading are not to be needlessly observed in proceedings under the compensation law, to the prejudice of substantive rights. *Hartwell Motor Co.* v. *Hickerson*, 160 Tenn., 513, 26 S. W. (2d), 153. But we have not consciously ruled counter to a positive mandate of the statute, in order to save a particular case from its proscription.

Section 24 of the statute, hereinabove quoted, in positive and express terms, provides that the right to compensation is "forever barred" unless within the year "claim for compensation" is filed with the tribunal having jurisdiction. Section 31 does not modify this requirement in so far as the case before us is concerned.

The action of petitioner in causing the issuance and execution of the summons, on June 19, 1930, cannot be

given effect or treated as the filing of a "claim for compensation." The summons followed the form of an ordinary action for damages for personal injuries, and would have supported a declaration of a common-law right of action for damages. It conveyed no notice either to the court or the defendant that the injury sustained by petitioner arose out of his employment by defendant, or that a claim for compensation under the Act of 1919, rather than damages under the common law, would be the subject of the declaration or petition to be filed.

Nor have we been able to conclude that this requirement of section 24 can be held to have been complied with by resorting to the fiction of law, that the filing of the petition or claim for compensation relates back to the date of the issuance of the summons, and in that way giving effect both to the provisions of section 24 of the compensation law, and to the provisions of the code that the suing out of the summons is the commencement of an action.

We think it obvious that the summons, the issuance of which is the commencement of an action at law or in equity, is a lawful summons, one which the clerk is authorized by law to issue, and not one for the issuance of which there is no legal authority. In the chancery court the clerk is authorized to issue subpoena to answer "upon the bill being filed and the required security given," and after indorsing on the bill the date of its filing. Copy of the bill is required to be issued with the subpoena. Code of 1932, section 10421. The subpoena to answer is merely the equivalent of a summons. It is called a "summons" in section 10384 of the Code (Code of 1858, section 4306), and is referred to by Gibson as "now merely a summons." Suits in Chancery (Chambliss Ed.), sec-

tion 187. Yet it has never been suggested that a suit may be commenced in the chancery court by suing out a subpoena to answer, or summons, without filing the bill or petition prior to the issuance of the writ.

The practice prescribed by section 32 of the compensation statute for the commencement of the action is substantially the same as the practice in equity cases in the chancery court. If the action is brought in the county court, the clerk is authorized to issue the summons "upon the petition being filed," and the command of the summons to the defendant is "to appear and make defense to said petition," a copy of which is required to be served upon the defendant with the summons. If the action is brought in the circuit court or chancery court, the prescribed practice is the same. The petitioner is empowered to file his petition in either court, "in which event" summons shall be issued. In neither the county court nor the circuit court is the clerk empowered to issue summons in an action for compensation except upon and after the filing of the petition containing a statement of the petitioner's claim for compensation; from which, we think, it necessarily follows that a summons to answer a claim for compensation is illegal and void when issued prior to the filing of the petition or claim. Such a summons, therefore, cannot be treated as the commencement of an action for compensation. There is no valid or legal writ to which the subsequently filed petition can be related. The action for compensation was, therefore, commenced only upon the filing of the petition on November 1, 1930, which was after the petitioner's right to compensation had been "forever barred" by the terms of section 24 of the compensation law, as held by the circuit judge.

In the foregoing discussion we have assumed the correctness of petitioner's contention, sustained by the circuit court, that there was no material variance between the summons and the petition subsequently filed, and that, except for the provisions of the compensation law prescribing the procedure to be followed, the summons could be treated as a writ in an action for compensation. Counsel for the defendant plausibly contend that the language of the summons, directing the defendant to answer petitioner "in an action to his damage in the sum of five thousand dollars for personal injuries," conclusively characterizes the action as one for damages for tort, and that the petition for compensation introduced a new and distinctly different cause of action, so that the doctrine or fiction of relation could not be given effect, citing *Oman* v. *Delius,* 162 Tenn., 192, 35 S. W. (2d), 570, and *Gardner* v. *Quinn,* 154 Tenn., 167, 289 S. W., 513, and other like cases. Having reached the conclusion that the clerk was without authority to issue summons in an action for compensation except upon the filing of the petition, we think it necessarily follows that the writ so issued was the commencement of an action for damages for tort, as it purported to be, and for that reason also could not support the subsequently filed petition for compensation.

The judgment of the Circuit Court of Davidson County will, therefore, be affirmed.