TAYLOR *v.* J. W. CARTER Co.

*(Nashville,* December Term, 1953.)

Opinion filed February 11, 1954.

BYRON V. BEAN, EDWARD C. WHITE, and ROBERT L. TAYLOR, all of Nashville, for plaintiff in error.

THOMAS O. H. SMITH, of Nashville, for defendant in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

Taylor instituted this suit for a recovery under the terms of the Workmen's Compensation Act. From the action of the Circuit Judge in dismissing his petition Taylor has appealed.

The respondent, J. W. Carter Company, is engaged in the business of manufacturing shoes. Taylor was employed by it as a machine operator. His duties required the lifting of a number of fifty-pound boxes of heels and other such material during the course of the day, and the transportation of these boxes from one building to another in some sort of a push cart.

In the afternoon of October 3, 1951 the temperature was approximately 89 degrees. According to the testimony of Taylor, supported by other witnesses, while he was in the act of lifting one of these boxes he suddenly went blind, but in a few minutes sufficiently recovered to go to the office of an eye specialist selected by him. He had sustained a hemorrhage of the eye. He was away from work about two or three weeks. Treatment by this doctor continued, however, over a period of months.

Taylor is practically blind in one of his eyes and partially blind in the other. His insistence is that this resulted from an accident arising out of his aforesaid employment. His theory is that the heat and the exertion necessary to the lifting of these boxes combined to cause this hemorrhage which brought about the blindness from which he is now suffering.

Taylor voluntarily terminated his employment with J. W. Carter Company on October 2, 1952 and instituted this suit on October 15, 1952. That was twelve days more than one year after the occurrence of the alleged accident.

Under the Workmen's Compensation Act proceedings to recover compensation must be commenced within one year after the occurrence of the injury. Code Section 6884. One of the three defenses plead by the defendant was this statute of limitations. After a lengthy hearing in which a number of witnesses testified, the trial judge dismissed the petition but did not say upon which one or more of the three grounds he based his action.

For about three weeks immediately following this injury Taylor was away from his place of employment because of the injury. Based upon that fact he insists that the twelve months statute of limitations did not commence to run until the termination of that three weeks. He relies upon that provision of the Workmen's Compensation Act carried at sub-section (4) of Section 6884 providing that "In case of physical * * * incapacity * * * of the injured person * * * to perform or cause to be performed any act required within the time in this section specified, the period of limitation in any such case shall be extended for one year from the date when such incapacity ceases."

The mere fact that Taylor was away from his work for three weeks immediately following, and because of, the injury is no evidence whatever that he was physically unable to cause this suit to be instituted within the remaining eleven months and one week of the year. He does not, therefore, bring this case within the protection of 6884(4). It follows that the one-year statute of limitations plea must necessarily be sustained. It will not be

necessary, therefore, to consider either of the two other defenses plead.

Judgment affirmed with costs assessed against Taylor and the surety on his bond.