GAMEWELL BOWLING, J. P. HOFFMAN, JR., and
H. B. LIGGETT

*v.*

JOHN WHITLEY.

(*Nashville,* December Term, 1960.)

Opinion filed July 26, 1961.

Ward DeWitt, Jr., Trabue, Minick, Sturdivant & Harbison, Nashville, for plaintiffs in error.

Steve Bowers and Jack Green, Nashville, for defendant in error.

Mʀ. Jᴜsᴛɪᴄᴇ Bᴜʀɴᴇᴛᴛ, delivered the opinion of the Court.

This is a Workmen's Compensation case under Section 50-901 et seq., T.C.A. The plaintiff, petitioner, defendant in error, was allowed compensation against Liggett and Hoffman. He was denied compensation against Bowling, because Bowling, the subcontractor, did not have five employees. An appeal has been seasonably perfected by Liggett and Hoffman, assignments and briefs have been filed, arguments heard, and after reading the record, briefs, etc., we have the matter for disposition.

The trial judge found:

"On March 4, 1958, petitioner, John Whitley, received an accidental injury to his left knee while in the course and scope of his employment by the defendant, Gamewell G. Bowling; said injury occurred when a ladder on which petitioner was standing slipped, and petitioner fell to the ground; at the time of said injury said defendant, Gamewell G. Bowling, was the painting subcontractor on a job in Rutherford County, Tennes-

see, and the principal contractor on said job was the defendant H. B. Liggett; the job consisted of the construction of a service station for the Gulf Oil Company and the Tremargo Corporation.''

The record amply supports such a finding. There is much material evidence likewise in the record to support said finding. The evidence, it is true, as in most contested cases, is in conflict. Bowling denies that he knew anything about Whitley's fall or injury, and claims that any injury that he had was an old one that he had prior to being hired by Bowling. Whitley and another witness flatly state that he did fall and describe the fall of some 20 feet from the ladder and say that Bowling was told of this and was there at the time and knew about it. Be this as it may, the trial judge, after seeing and hearing these various witnesses, concluded as above. We are bound thereby.

The original petition for compensation was filed in this cause on February 17, 1959, against Bowling, the subcontractor. On March 4, 1959, or within the year, an amended petition was filed with the clerk in this cause making Hoffman and Liggett parties. This amended petition stated that they were the general contractors. This amended petition was in the form, and the caption thereof, of an order of the court allowing said petition to be filed. The petition was filed with the clerk, as shown by the record on March 4, 1959, but was not signed by the judge until March 13, 1959. At the first hearing, wherein the proof was had as to injuries, employment and things of that kind, the trial judge after making the finding above, held that under the evidence Bowling did not have as many as five employees and consequently was not

covered by the Compensation Act. He thus dismissed the cause as to Bowling for this reason. The proof shows that Bowling was a subcontractor of Liggett and had been employed to do paint subcontracting by Hoffman, who was only a foreman for Liggett. At this first hearing the trial judge dismissed the cause likewise as to Hoffman and Liggett because the order entered allowing the amendment was not signed until March 13, 1959, or more than a year after the accident.

A motion for a new trial was granted and by agreement the proof formerly heard was considered by the court and additional proof was allowed. After granting the motion for a new trial the court entered a judgment in favor of the petitioner and against the general contractor, Liggett, and against the foreman, Hoffman. It is not shown in the record why the motion for a new trial was granted, but it is perfectly obvious that the only reason was because the court then concluded that the filing of the petition within the year, regardless of whether or not it was signed by the trial judge, tolled the running of the statute of limitations From this final finding the present appeal was prayed. The major argument herein on this appeal to us is that the cause was barred by the statute of limitations. It is likewise argued that there isn't sufficient proof to show a compensable injury.

■■ In Workmen's Compensation cases an action can be commenced only by the filing of a petition, and not by summons alone. *Minor v. E. I. DuPont De Nemours & Co.,* 164 Tenn. 226, 47 S.W.2d 748. This same case is authority for the proposition that the summons authorized to be issued is only authorized to be issued upon the filing of the petition under the Compensation Act and is in

form and substance similar to a summons issued by the Clerk of the Chancery Court upon the filing of a bill in equity. The clerk of the court is without authority to issue summons in a Workmen's Compensation case except or until after the petition is filed. A compensation suit is to all intents and purposes related to and almost identical with that of a suit in chancery.

■ The amended petition filed herein bringing in new parties was filed before any answer, demurrer or other pleading had been entered herein. This being true, "it may be done as a matter of course, without any leave of the Chancellor, or Master, * * *" Gibson's Suits in Chancery, 5th Ed., Vol. 1, page 498, Section 438; *Burke v. North Vernon Lumber Mills,* 13 Tenn. App. 639. Thus it is the filing of the amended petition herein tolled or suspended the running of the statute of limitations. See *State v. Rawlings,* 170 Tenn. 577, 98 S.W.2d 95. In other words it was not necessary to have the permission or consent of the trial judge to file this amended petition and the mere filing of same was sufficient. The clear intent of Section 20-115, T.C.A., is to the same effect.

■■ After what has been said above, we now reach the merits of this action. The record shows that the trial judge found that Bowling was a subcontractor not covered by the Compensation Act because he did not have five employees. The record likewise shows that Liggett was a general contractor and the employer of the subcontractor, Bowling, who was doing this work that he through his foreman had subcontracted to Bowling to do. The subcontractor thus not being covered, Section 50-915, T.C.A., comes into play. Under this Section, the principal contractors are made liable for injuries sustained by

employees of subcontractors arising out of and in the course of their employment, whether such subcontractors be independent contractors or otherwise, provided that, at the time of the injury, the employee was engaged upon the subject matter of the general contract, and the injury occurs on, in or about the premises under the control and management of the principal contractor. *Williams v. Buchanan,* 149 Tenn. 639, 261 S.W. 660. Clearly it was the purpose of the Legislature in enacting this Section to insure as far as possible that all workmen engaged in industry receive payment according to the scheduled benefits provided for them when injured in the course of their employment. The purpose was obviously to cover the factual situation as herein developed, that is, where a subcontractor doing work for the general contractor who had less than the number of employees to require him to carry compensation, that when said employee of the subcontractor was injured in and about the work, which the subcontractor was doing for the general contractor, then the general contractor and his insurance carrier are liable therefor. That is true in the instant case.

The trial judge on this second hearing found that the employee sustained a partial disability of 25 per cent "to his limb as a whole". Clearly, the record shows that this was to his left knee and the trial judge is supported in this finding by a statement of Dr. Burd, who saw Mr. Whitley in February of 1960, and said that he has such a disability "in the left lower extremity."

After this accident Mr. Whitley, his wife and others who saw him tell of his disability to this knee. He was then taken to a Dr. Fowler who made examinations and x-rays and determined that an operation was neces-

sary on this knee. Such an operation was performed. Dr. Fowler in substance says that the operation was due to an old injury and that he felt by this operation he would decrease the disability. Dr. Fowler does say though in one or two places that the fall that the man had would aggravate or excite the old injury. This being true, the employer taking the employee as he finds him, if this injury that he received to the knee is the proximate cause of disability and excites and aggravates a previous weakened condition, the employer is liable. *Swift & Co. v. Howard,* 186 Tenn. 584, 212 S.W.2d 388. Larson in his work on Compensation says that this is the universal rule.

Dr. Fowler said when he examined the man, ''He had some arthritis in his knee, but I considered that he had a torn cartilage in the joint, and possibly some loose pieces of bone.'' He says that after he made the incision he found no loose pieces of bone in the joint and that he ''removed the torn semi-lunar cartilage and sewed the knee back up.'' As said above he said that this fall could have affected the condition of his knee and that its condition, even though he had it before, could have been aggravated by the fall. See transcript page 126.

The trial judge, after making the finding above of partial disability of 25 per cent, finds the amount the petitioner was entitled to for this finding and then he further finds that the petitioner ''was totally and permanently disabled as the result of said injury for a period of 36 weeks'' and then fixes the amount to which he is thus entitled from what he had been earning on the job. The trial judge likewise added to this finding the amount of petitioner's hospital bills and surgical expenses.

■ Of course the phrase that the trial judge used, "totally and permanently", alluded to in the last paragraph above, was an incorrect expression. He obviously should have said, and what he meant to say, we are sure, is that he was entitled to temporary, total disability for 36 weeks. A good deal of discussion was had in the briefs and argument on the use of these terms, but as a matter of fact it makes no difference. The record supports (in other words there is material evidence to support) the finding of the trial judge and the ultimate determination thereof as to the percentage of disability. This being true, we are bound thereby. For the reasons herein expressed the judgment of the trial judge must be affirmed, except of course the judgment against Hoffman must be reversed and the suit as to him dismissed. The reason, of course, for this is that the proof shows that he was only a foreman for the general contractor, Liggett, and consequently there is no liability against Hoffman.