WADY E. JOHNSON et al.

*v.*

ROANE COUNTY, TENNESSEE.

370 S. W. 2d 496.

(*Knoxville,* September Term, 1963).

Opinion filed September 11, 1963.

FRANK MONTGOMERY, Knoxville, for plaintiffs in error.

GEORGE F. MCCANLESS, Attorney General, J. MALCOLM SHULL, Assistant Attorney General, Nashville, for defendant in error.

434

Mʀ. Jᴜsᴛɪᴄᴇ Dʏᴇʀ, delivered the opinion of the Court.

Plaintiffs in error, Wady E. Johnson, Rachel E. Johnson and Kingston Bank and Trust Company will hereafter be referred to as plaintiffs, and defendant in error, Roane County, Tennessee as defendant.

On June 25, 1959 in the Circuit Court for Roane County being Docket No. 1703, plaintiffs under Section 23-1423, T.C.A. instituted suit against defendant. In this suit plaintiffs alleged they own land adjacent to the right-of-way of a new road being constructed, and due to certain cuts and fills made in the construction of the new road their property has been damaged, which amounts to a taking of valuable property rights. To this action defendant filed a plea in abatement on the ground other persons than the plaintiffs not parties to the suit owned a substantial interest in the land alleged to be damaged. The Trial Judge sustained this plea and dismissed the suit on January 16, 1961.

On January 16, 1962 plaintiffs caused to be issued a summons from the Circuit Court of Roane County against defendant, "in an action to their damage in the sum of $20,000.00." This summons given Docket No. 2122 is the cause now before the Court on appeal.

On May 21, 1962 plaintiffs under Docket No. 2122 filed their petition styled, "Reversed Petition for Condemnation." In this petition plaintiffs recite the history of this cause under Docket No. 1703, and allege they now have acquired full title to the land and have a right to file this petition and request a jury of inquest under provisions of Sections 23-1423, T.C.A. That the former adjudication of this cause was other than on the merits. The petition prays for proper process; that the petition be treated as a reverse petition for condemnation; that a proper award be made for compensation for the taking and damage to their property; that a jury of inquest be selected to fix the damages; and for general relief.

The Trial Judge upon demurrer has dismissed this cause as barred by the statute of limitations under Sections 23-1424 and 28-106, T.C.A.

Under the record before us it is not disputed this action first filed under Docket No. 1703 was filed within one year from the alleged taking as required by Section 23-1424, T.C.A. and said cause was dismissed other than on its merits. Such being the case under Section 28-106, T.C.A. plaintiffs would have a year from the date of the dismissal of their action under Docket No. 1703 to refile their suit. *Brooksbanks v. Roane County,* 207 Tenn. 524; 341 S.W.2d 570. The summons taken out by plaintiffs on January 16, 1962 was timely issued in accordance with the Brooksbanks case.

The plaintiffs in their brief state the question here for decision as follows:

"Did the suing out of the summons in the statutory form T.C.A. 20-203, within one year after the dismissal of the first suit, save the plaintiffs from the bar of the

statute of limitations in spite of the fact that they did not file their declaration or petition until more than one year after the dismissal of the first suit?''

Chapter 14 of Title 23, T.C.A. deals with eminent domain and Section 23-1423, thereof sets out the rights of a land owner where his land has actually been taken for internal improvement, and the party so taking has not filed suit for condemnation of same. This section is as follows:

''If, however, such person or company has actually taken possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or he may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest.'' (23-1423)

This statute provides an aggrieved land owner with two or alternative rights or remedies, and such seems to be the heart of the problem in this suit. First he may petition for a jury of inquest, which in practice is generally referred to as a reverse or inverse petition for condemnation; or, Second he may sue for damages in the ordinary way.

In regard to the second remedy allowed by Section 23-1423, that is suit for damages in the ordinary way this Court in the case of *Duck River Valley Narrow Gauge Railroad Company v. Cochrane,* 71 Tenn. 478 said:

''The latter clause of this section leaves no doubt as to the right of the owner to bring an action in the ordi-

nary way, which can mean nothing else than an action of trespass or an action upon the facts of the case to recover the value of the land and the damages."

The summons of January 16, 1962 was a proper way to commence an action under this statute (23-1423) as a suit for damages in the ordinary way, and was timely filed. The difficulty here is that no pleadings, such as a declaration were ever filed pursuant to this summons, unless the petition of May 21, 1962 can be so treated.

Plaintiffs in the body of their petition filed May 21, 1962 state; "They have a right to file this petition and request a jury of inquest under provisions of T.C.A. 23-1423," and in the prayers to this petition further state; "That a jury of inquest be selected at the next regular term of this Court and that said jury be charged in the usual manner to go upon the property and fix the damages." This petition filed under Section 23-1423, T.C.A. both by name and by substance seeks the first remedy allowed by the statute, that is the appointment of a jury of inquest; and such being the case this statute provides, "in which case the same proceedings may be had, as near as may be, as hereinbefore provided." The "hereinbefore provided" refers to Sections 23-1401 through 23-1422, T.C.A., which in effect makes the procedure the same in reverse, as if the party who has taken the land for internal improvements had filed the petition.

Section 23-1404, T.C.A. requires a condemnor to file a petition in the circuit court of the county where the land lies and Section 23-1405 sets out the requirements in regard to notice to the land owner. These statutes make no provision for bringing the owner of the land before the Court in any other way than by notice and publication,

and does not provide for the issuance of process against them in the ordinary sense, such as proceedings being under the law an exception, by necessary inference, to the general statutory provision (Section 20-201, T.C.A.), that all civil actions at law in courts of record, except as otherwise provided, shall be commenced by summons. In the case of *In Re: Condemnation Suits by the United States,* 6 Cir., 234 F. 443-445 the Court in commenting on Code Sections 23-1404 and 23-1405, T.C.A. stated:

"The general statute of Tennessee in reference to the condemnation of land for railroads and other works of internal improvement, provide that the party seeking to appropriate such land shall file a petition therefor in the circuit court of the county in which the land lies (Tenn.Code 1858, sec. 1326; Shan. sec. 1845); that notice of this petition shall be given to the owner of the land, or if a nonresident of the county, to his agent, at least five days before its presentation (Code 1858, sec. 1327, Shan. sec. 1846); that if the owner is a nonresident of the state or unknown, notice shall be given by publication, as provided in the Code in similar cases in chancery (Code sec. 1328; Shan. sec. 1847); and that 'all parties having any interest in any way in such land may be made defendants, and the proceedings will only cover and affect the interest of those who are actually made parties' (Code sec. 1329; Shan. sec. 1848). This statute makes no provision for bringing the owners of the land before the court in any other way than by notice and publication, as above set forth, and does not provide for the issuance of process against them in the ordinary sense, such proceedings being under the State law an exception, by necessary inference, to the general statutory provision that all civil

actions at law in courts of record, except as otherwise provided, shall be commenced by summons. Tenn.Code, sec. 2813; Shan. sec. 4518. Thus in *Camp v. Railroad,* 11 Lea (Tenn.) 705, 706, it was held that condemnation proceedings based alone upon the statutory notice, without summons, were valid, and that the general Code provisions as to pleadings in actions at law did not apply to such statutory proceedings.

"* * * that such process is not essential in condemnation suits instituted in pursuance of the delegated authority of the State under its power of eminent domain. Such condemnation proceedings are generally recognized as being essentially proceedings in rem. 15 Cyc. 805."

By their nature condemnation proceedings are sui generis and the petition required to be filed by Section 23-1404, T.C.A. is analogous to a petition for compensation under our Workmen's Compensation Statutes this Court in the case of *Bowling v. Whitley,* 208 Tenn. 657; 348 S.W.2d 310, said:

"In Workmen's Compensation cases an action can be commenced only by the filing of a petition, and not by summons alone. *Minor v. E. I. DuPont De Nemours & Co.,* 164 Tenn. 226, 47 S.W.2d 748. This same case is authority for the proposition that the summons authorized to be issued is only authorized to be issued upon the filing of the petition under the Compensation Act and is in form and substance similar to a summons issued by the Clerk of the Chancery Court upon the filing of a bill in equity. The clerk of the court is without authority to issue summons in a Workmen's Compensation case except or until after the petition is filed.

A compensation suit as to all intents and purposes related to and almost identical with that of a suit in chancery."

The petition of May 21, 1962 would not be saved from the bar of the statute of limitations by the issuance of the summons of January 16, 1962, since the clerk of the court was without authority to issue this summons as notice required by Section 23-1405, T.C.A. until the petition of May 21, 1962 had been filed.

Judgment affirmed.