ROBERT BRADSHAW, d/b/a HARTSVILLE FREIGHT COMPANY, and TRAVELERS INSURANCE COMPANY, Plaintiffs in Error,

*v.*

JOHN FRANK CLARIDY, Defendant in Error.

375 S.W. 2d 852

(*Nashville,* December Term, 1963.)

Opinion filed January 8, 1964.

Petition to Rehear Denied March 5, 1964.

298

Solon Fitzpatrick, Carthage, for plaintiffs in error.

J. C. McMurtry, Gallatin, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a Workmen's Compensation case in which the employer and his insurance carrier have appealed from a judgment awarding compensation to the employee. The first question presented is whether or not the claim for compensation is barred by the statute of limitations, T.C.A. sec. 50-1003. The parties will be referred to according to their status in the Trial Court.

On October 15, 1962 the petitioner filed a petition for benefits under the Workmen's Compensation Act in the Circuit Court. Among other things, this petition alleges that on June 4, 1961, the petitioner sustained an accidental injury which arose out of and in the course of his employment by the defendant, that on that date he sustained a severe strain in the back and was immediately hospitalized for a period of two weeks. The petition further alleges that "Immediately after the accident the insurance carrier began making payments to the petitioner in the amount of $34.00 per week. The payments continued until September 16, 1961." It is further alleged in this petition that "A suit was filed in this cause prior to June 4, 1962 but a non suit was taken by the plaintiff in the July term of the Circuit Court of Trousdale County, Tennessee, 1962." The petition further

states that the petitioner was seen by Dr. Glover, in Nashville on September 1, 1961, who at that time advised petitioner he would be able to return to work on September 15, 1961.

The defendants first filed a plea in abatement to this petition of October 15, 1962, in which defendants averred that the petitioner's suit was barred by the one year statute of limitations as provided by T.C.A. sec. 50-1003. Defendant in this plea denied that any suit had been filed against these defendants to recover Workmen's Compensation benefits prior to the filing of the present suit on October 15, 1962. This plea of the defendants further states that on June 2, 1962 the Clerk of the Circuit Court of Trousdale County did issue a summons against these defendants but that no petition for compensation was filed and that the issuance of the summons without the filing of a petition for compensation was a void proceeding and did not toll or suspend the running of the statute of limitations. The plea avers that defendants moved to dismiss that summons because it was void, and the plaintiff took a voluntary nonsuit. Issue was joined on the averments of this plea of the defendants. A hearing was held. The testimony at that hearing was preserved by wayside bill of exceptions. The Trial Judge overruled this plea. Thereafter the defendants filed their answer, in which they averred, among other things, that the petitioner's cause of action was barred by the one year statute of limitations.

The record shows that on June 2, 1962 a summons was issued by the Clerk of the Circuit Court of Trousdale County commanding the sheriff to summon the defendants to answer "John Frank Claridy in an action for benefits under the Tennessee Workmen's Compensa-

tion Act.''. This summons was served on the defendants. On July 24, 1962 the defendants moved to dismiss the summons upon the ground that there was not any petition filed when the summons issued nor was any petition thereafter filed in that cause and, therefore, the summons was void.

Upon the hearing of this motion, an order was entered which allowed the petitioner ''to take a voluntary non suit in this cause without prejudice.'' Since the petition for compensation alleged that voluntary payments of compensation terminated on September 16, 1961, and the petition for compensation in the present cause was not filed until October 15, 1962, the only averments of the petition which would prevent the cause from being barred by the one year statute of limitations was the averment of the filing of the prior suit followed by the voluntary nonsuit. T.C.A. sec. 50-1003 provides:

''The right to compensation under the Workmen's Compensation Law shall be forever barred, unless within one (1) year after the accident resulting in injury or death occurred the notice required by sec. 50-1002 is given the employer and a claim for compensation under the provisions of this law is filed with the tribunal having jurisdiction to hear and determine the matter; provided that, if within said one (1) year period voluntary payments of compensation are paid to the injured person or his dependents, an action to recover any unpaid portion of the compensation, payable under this law, may be instituted within one (1) year from the time the employer shall cease making such payments, except in those cases provided for by sec. 50-1024.''

T.C.A. sec. 50-1024 relates to awards and agreed settlements and has no application to the questions involved in this case.

In *Minor v. E. I. DuPont DeNemours & Company*, 164 Tenn. 226, 232, 47 S.W.2d 748, this Court held:

"In neither the county court nor the circuit court is the clerk empowered to issue summons in an action for compensation except upon and after the filing of the petition containing a statement of the petitioner's claim for compensation; from which, we think, it necessarily follows that a summons to answer a claim for compensation is illegal and void when issued prior to the filing of the petition or claim. *Such a summons, therefore, cannot be treated as the commencement of an action for compensation.*" (Emphasis supplied)

In *Bowling v. Whitley*, 208 Tenn. 657, 348 S.W.2d 310, the Court, speaking through Mr. Justice, now Chief Justice, Burnett, stated:

"In Workmen's Compensation cases an action can be commenced only by the filing of a petition, and not by summons alone. *Minor v. E. I. DuPont DeNemours & Co.*, 164 Tenn. 226, 47 S.W.2d 748. This same case is authority for the proposition that the summons authorized to be issued is only authorized to be issued upon the filing of the petition under the Compensation Act and is in form and substance similar to a summons issued by the Clerk of the Chancery Court upon the filing of a bill in equity. The clerk of the court is without authority to issue summons in a Workmen's Compensation case except or until after the petition is filed. A compensation suit is to all intents and purposes related to and almost identical with that of a

suit in chancery." 208 Tenn. at 661, 662, 348 S.W. 2d 310.

■ While it is true that our inconclusive dismissal statute is applicable to Workmen's Compensation cases (*Rye v. DuPont Rayon Company*, 163 Tenn. 95, 40 S.W.2d 1041; *Norton v. Standard Coosa-Thatcher Company*, 203 Tenn. 649, 315 S.W.2d 245; *General A. F. & L. Assur. Corp. v. Kirkland*, 210 Tenn. 39, 356 S.W.2d 283) that statute, T.C.A. sec. 28-106, provides:

> "*If the action is commenced* within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest." (Emphasis supplied)

■ Since the issuance of a summons without the filing of a petition for compensation "cannot be treated as the commencement of an action for compensation", no action for compensation was commenced by the petitioner prior to the filing of the petition in this cause on October 15, 1962. As held in the Minor and Bowling cases, supra, the issuance of the summons on June 2, 1962 did not stop the running of the statute of limitations, but was an illegal and void act which commenced no action. Therefore, no action was commenced in June 1962 which could bring into operation the provisions of T.C.A. sec. 28-106.

■ In the briefs of petitioner, it is contended that the statute of limitations had not run in this case prior

to the filing of the petition on October 15, 1962 because of the provisions of T.C.A. sec. 50-1017. The pertinent provisions of this statute are:

"(1) Limit of time of actions or proceedings. Actions or proceedings by an injured employee to determine or recover compensation, one (1) year after the occurrence of the injury; except as provided in sec. 50-1003.

"(4) Physical or mental incapacity to cause act to be performed. In case of physical or mental incapacity, other than minority, of the injured person or his dependents to perform or cause to be performed any act required within the time in this section specified, the period of limitation in any such case shall be extended for one (1) year from the date when such incapacity ceases."

The record in this case does not support this contention of the petitioner. He testified that some time prior to September 1961 he employed counsel other than his present counsel to represent him in this matter. In the latter part of July and the first half of August 1961, while he was being paid Workmen's Compensation benefits, he was employed as a taxicab driver. His petition for compensation alleges that on January 15, 1962 he went to work at Hartsville Recappers, where he continued to be employed up to the time of the filing of the petition in this cause. He employed his present counsel prior to June 2, 1962, when the summons was issued. The uncontroverted facts in the record completely fail to establish a case of physical or mental incapacity to perform or cause to be performed any of the acts required by the Workmen's Compensation Law within the time

provided. See *Taylor v. J. W. Carter Co.*, 196 Tenn. 138, 264 S.W.2d 586.

The petitioner next contends that there is evidence from which a Court could find that the defendants voluntarily paid a doctor's bill after October 15, 1961. The only evidence that the defendant voluntarily paid any medical expenses on behalf of petitioner is contained in the testimony of Dr. Glover, a Nashville doctor, who examined petitioner on June 30, 1961 and September 1, 1961. This doctor testified that the defendant insurance company paid his bill. He was never asked when this bill was paid. The petitioner alleges the defendant refused to pay any of the other medical or hospital expenses incurred by the petitioner. There is no averment in the petition for compensation that any doctors bills were paid by the defendants within one year prior to the filing of the petition in this cause.

This Court has held that "compensation" includes medical and hospitalization benefits and that the statute of limitations begins to run from the last voluntary payment of medical bills for the petitioner. *John Sevier Motor company v. Mullins*, 205 Tenn. 227, 326 S.W.2d 441; *Chandler v. Travelers Insurance Company*, 212 Tenn. 199, 369 S.W.2d 390. It is because the payment of medical expenses constitutes a payment of compensation that the Court has held their payment extends the statutory period of limitation provided for in T.C.A. sec. 50-1003.

The petition in the present case avers that compensation was paid to September 16, 1961. The proof shows that compensation was paid, in fact, from June 3rd to September 15, 1961.

An injured employee must prove his compensation case like any other lawsuit is proven. *Gulch Lumber Company v. Fields,* 193 Tenn. 365, 246 S.W.2d 47.

"General rules as to burden of proof in common law actions for personal injuries, and in civil actions generally, ordinarily apply in workmen's compensation proceedings". 100 C.J.S. Workmen's Compensation sec. 516, page 472.

As stated in *Bowling v. Whitley,* supra, "A compensation suit is to all intents and purposes related to and almost identical with that of a suit in chancery."

"It is a well settled rule of chancery practice in this state since replications to answer were abolished that, where a statute of limitation which would ordinarily bar the action has run, any intervening fact relied upon to take the case out of it—such as disability of complainant, fraudulent concealment of cause of action, nonresidence of the defendant, or a promise to pay within the statute—must be alleged in the bill, and without such allegation evidence of it will not be heard." *Jenkins v. DeWar,* 112 Tenn. 684, 82 S.W. 470.

Aside from the fact that the petition does not aver any payment of compensation either in the form of weekly benefits or in the form of medical payments subsequent to September 16, 1961, the petitioner is seeking to bring himself within the saving clause provided for in T.C.A. sec. 50-1003 when his action is prima facie barred by the one year statute of limitations. In such case, the burden of proof rests upon the petitioner to bring himself within such saving clause.

In *East Tennessee Coal Company v. Daniel,* 100 Tenn. 65, 78, 42 S.W. 1062, the Court stated:

"The burden of proof in this case rested upon the plaintiff to show that his action, which was prima facie barred, came within the saving and exception of the statute."

With reference to the burden of proof on the issue of whether or not the 30 day notice provided for by T.C.A. secs. 50-1001 and 50-1002 was given or waived by the employer, this Court, in *York v. Federal Chemical Company*, 188 Tenn. 63, 65, 66, 216 S.W.2d 725 stated:

"The defendants say in their answer that they had no notice or actual knowledge of the accident and injury here relied on until after thirty days. They expressly rely on and plead the Code, section 6872, 6873, requiring notice. Under such a situation the burden was on the complainant to show that notice was given, *Hartwell Motor Co. v. Hickerson*, 160 Tenn. 513, 26 S.W.2d 153, or that notice had been waived based on conduct of the employer in recognition of his liability; or by excuse based on inability or faultless omission by the employee. *Marshall Const. Co. v. Russell*, 163 Tenn. 410, 43 S.W.2d 208."

The Court applied this same rule as to the burden of proof on the issue of notice in *Aluminum Company of America v. Rogers*, 211 Tenn. 187, 364 S.W.2d 358.

In the York and Rogers cases, Tennessee applied the general rule that the burden is upon the claimant to prove a compliance with all statutory requirements. In 100 C.J.S. Workmen's Compensation sec. 524, pages 509, 510, this general rule as to the burden of proof is stated as follows:

"So, claimant must establish that the case is within an exception relieving it from bar of the statute, or

that the facts bring the case within the statute extending the time for claims."

In *Browning v. Ford Motor Company,* 287 Ky., 261, 152 S.W.2d 976, the Kentucky Court had before it the same question that is before us in this case. That Court, in sustaining a plea of the statute of limitations in a Workmen's Compensation case, stated:

"he (the claimant) failed by any substantial evidence either to show his compliance with that requirement or to bring himself within the excusing provision of section 4914, (342.185 Ky. Revised Statutes) by showing that payments of compensation, as such, were voluntarily made him, which were effective to toll the running of the statute during the period of their payment." 152 S.W.2d at 980.

Where the suit for compensation is brought more than one year after the alleged accident and injury and is thus prima facie barred by the statute of limitations, it is incumbent upon the petitioner to come forward with proof of facts that will bring his case within an exception which will prevent the bar of the statute, if he is to prevail on the issue of whether or not his action is barred by the statute.

In this case, it was incumbent upon the petitioner to introduce some evidence that the defendant paid Dr. Glover's bill within one year prior to the filing of the petition if the time of payment of that bill is to extend the time within which petitioner could file his action. In the absence of some evidence of the date of payment, we cannot assume that it was paid subsequent to October 14, 1961.

In a supplemental brief, petitioner cites and quotes from *Griffitts v. Humphrey,* 199 Tenn. 528, 288 S.W.2d 1. That case deals with the difference between the provisions of T.C.A. sec. 50-1003, in which the year runs from the date of the accident, and sec. 50-1017, which provides that the year shall run from the occurrence of the injury.

In the case now before the Court, the difference between the provisions of these two Code Sections has no application because, according to the testimony of petitioner, he suffered immediate disability at the time of the accident and, in fact, went to the hospital that very day. In this case, under the uncontroverted facts appearing in the record, the petitioner's claim for compensation was barred by the statute of limitations one year after September 15, 1961. The suit was not instituted until October 15, 1962. Therefore, the Trial Court was in error in not sustaining the defendants' plea of the statute of limitations.

The case is reversed and dismissed.

## On Petition to Rehear

John Frank Claridy has filed a petition to rehear in this case which does not present any contention that was not fully considered by us in arriving at our original opinion. In the petition to rehear, counsel quotes at length from *Griffitts v. Humphrey,* 199 Tenn. 528, 288 S.W.2d 1.

In our opinion we pointed out that the petitioner's disability in the present case had its inception on the date of the alleged accident. Therefore, in this case, the date of the accident and the date of the injury are one and the same. The fact that petitioner may have

been partially disabled when examined in November 1961 by a doctor who was not employed by, or paid by, the defendant does not toll the running of the statute of limitations. In our original opinion, we pointed out that there is no evidence of physical or mental incapacity on the part of petitioner of a character that could toll the statute of limitations under subsection (4) of T.C.A. sec. 50-1017.

All matters contained in the petition to rehear were fully considered in our original opinion. In addition to the authorities contained in our former opinion, we call attention to *Travelers Insurance Company v. Jackson,* 206 Tenn. 272, 332 S.W.2d 674.

The petition to rehear is denied.