Railroad Co. v. Moggridge.

CHICAGO, ST. L. & N. O. R. R. CO. *v.* MOGGRIDGE.

(*Jackson.*   April Term, 1906.)

**EMINENT DOMAIN.** Damages for property taken under power of, should be awarded as of date of actual appropriation, when.

Where a railroad company, having given bond to abide final judgment, takes possession of a right of way during the pendency of condemnation proceedings instituted by it, but before trial and judgment fixing the amount of damages, the amount of damages recoverable should be awarded as of the date when possession of the property was actually taken.

Constitution cited and construed:   Art. 1, sec. 21.

Code cited and construed:   1865, 1859, 1862   (S.);   1570, 1564, 1567   (M. & V.);   1346, 1340, 1343   (1858).

Cases cited and approved:   White v. Railroad, 7 Heisk. 518, 541; Alloway v. Nashville, 88 Tenn., 510; Railroad v. Campbell, 109 Tenn., 561.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County.— A. B. PITTMAN, Judge.

COOPER & FITZHUGH, C. N. BURCH and ALBERT W. BIGGS, for Railroad Company.

WILLIAM G. CAVETT, for Moggridge.

Mr. JUSTICE WILKES delivered the opinion of the court.

The only question presented in this case is, in proceedings for condemnation of property for railroad purposes at what date should the value of the property and damages sustained be fixed — whether at the institution of the suit, or at the time of the filing of the report of the jury of inquiry or view, or the time of the trial in the circuit, or when actual possession is taken.

The railroad company contends that the date should be that of the institution of the suit, which in this case was June 28, 1902; and the landowner insists that it should be as of the date actual possession was taken, which in this case was July 14, 1905.

The petition for condemnation was filed June 28, 1902.

An order of condemnation was made, and a jury of view was appointed July 11, 1902.

The jury of view made a report July 18, 1902, fixing damages at $5,070.

From this report there was an appeal to the circuit court July 19, 1902.

On May 1, 1905, the road gave bond for possession, and the circuit court ordered the writ to issue and it did issue, and petitioner was put in possession July 14, 1905.

The appeal was heard November 3, 1905, and the trial judge charged the jury to fix the value of the property as of date, July 14, 1905, and to give interest from the next day, July 15, 1905.

The jury assessed the damages at $6,100, and the railroad company has appealed.

Railroad Co. v. Moggridge.

The testimony tends to show that the value of the property had increased between the institution of the suit in June, 1902, and July, 1905.

The present suit is one in which the condemnation is first sought by suit, and the possession is taken later, during the progress of the trial, but before judgment fixing amount of damages.

There is a difference among the authorities as to the proper rule, arising largely out of the difference in constitutional and legal provisions, and the different modes of procedure in the different States; and it is said that the question has not been definitely passed upon by this court.

But we think that under our constitutional provision that no man's property shall be taken without just compensation being made therefor (const., art. 1, sec. 21), and our statutory provision (Shannon's Code, section 1865) which is as follows: "No person or company shall, however, enter upon such land for the purpose of actually occupying the right of way until the damages assessed by the jury on inquiry and the costs have been actually paid, or, if an appeal has been taken, until the bond has been given to abide by the final judgment"—the theory of the law is that the title to the property passes only when possession is taken under the condemnation proceedings.

See, also, sections 1859 and 1862.

In *White* v. *Railroad,* 7 Heisk., 518, 541, it is said:

"We have already seen, however, that in this State

the indemnity need not precede the seizure, provided the statute secures it beyond all contingency. And the best security guaranteed under defendant's charter is that the title in fee remains in the owner until the indemnity is paid.

"Also, we hold the proposition to be incontrovertible that, when the property of the citizen is to be taken and appropriated under the right of eminent domain, the statute authorizing it must be strictly followed; and the condition of indemnification, either made or beyond all peradventure assured, becomes a condition precedent to the divestiture of the owner's right."

See, also, *Tenn. Cent. R. R. Co.* v. *Campbell,* 109 Tenn., 651, 75 S. W., 1012.

In *Alloway* v. *Nashville,* 88 Tenn., 510, 13 S. W., 123, 8 L. R. A., 123, it is said:

"Nevertheless, we have no hesitation in holding, upon general principles, that interest should have been allowed from the time of the appropriation of the property. From that time the original owner was deprived of the use and possession of the land taken. The liability of the city accrued at that date, though the amount therefor is not determined finally until long thereafter. Damages are properly assessed with reference to the value of the land taken, and the depreciation of the residue at the time of condemnation. The legal rights of both parties, so far as the damages are concerned, are fixed at that time. Subsequent enhancement or diminution of the value, though ever so great, cannot be considered by

Railroad Co. v. Moggridge.

the jury on estimating damages. Witnesses are examined as to the amount of damages at the time of the appropriation, and not at the time of the trial. That method was properly adopted in this case. The city especially asked her witnesses the value of the property in August, 1887. . . . "The land was taken about August 10, 1887. Hence, judgment will be entered for the amount of the verdict, with interest from that date."

This is virtually holding that the date at which possession is taken is the date when the damages should be fixed when the property is taken in advance of the trial.

In cases where the trial is had, and damages fixed before possession is taken, it would seem that the date of the trial or judgment should determine; but that case is not before us.

We are of opinion that there was no error in the judgment of the court below; and it is affirmed, with costs.