ANNIE B. SNOWDEN *et al. v.* SHELBY COUNTY *et al.*

(*Jackson.* April Term, 1907.)

1. **EMINENT DOMAIN.** Interest from date of order of condemnation and appointment of jury of view.

Where land is condemned under eminent domain laws for the erection of a courthouse, and, upon appeal from the findings of the jury of view, a verdict and judgment for the same amount is rendered, the owner is entitled to interest from the date of the order of condemnation and appointment of the jury of view, and not from the date of his answer admitting the right to take the property, and not merely from the date of the finding of the jury of view or of the date of the judgment on the trial.

Code cited and construed: Sec. 3494 (S.); sec. 2702 (M. & V.); sec. 1945 (T. & S. and 1858).

Case cited and approved: Alloway v. Nashville, 88 Tenn., 510, 528.

Case cited and distinguished: Railroad v. Moggridge, 116 Tenn., 445.

2. **SAME. SAME.** Proper judgment entered in supreme court without remandment upon reversal for erroneous refusal to allow interest.

Upon reversal for the error of the circuit judge in refusing to allow interest according to the rule stated in the foregoing headnote, the supreme court will give the proper judgment to be entered there without remandment. (*Post, p.* 730.)

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County.—A. B. PITTMAN, Judge.

CARUTHERS EWING, for Snowden.

LEE THORNTON, for Shelby County.

MR. SPECIAL JUSTICE HENDERSON delivered the opinion of the Court.

In this case the property of plaintiffs in error was taken under condemnation proceedings, and appropriated for a site for the erection of a courthouse.

On November 26, 1905, the courthouse commissioners of Shelby county filed their petition in the circuit court to condemn the property in question.

On January 8, 1906, plaintiffs in error answered the petition, admitting the right of petitioners to have the property condemned, and the only contest made was as to the value.

On February 23, 1906, the order of condemnation was had, and a jury of view was appointed.

On March 5, 1906, the jury of view reported, fixing the value at $25,978.50.

Plaintiffs in error appealed from this finding, and upon the trial before a jury June 21, 1906, there was a verdict for the same amount, upon which the court rendered judgment, allowing no interest thereon. The question of interest was determined by the court; that question not being allowed to go to the jury.

On the trial before the jury, the witnesses were examined by both sides as to the value of the property

with reference to the winter and spring of 1905 and 1906; the valuation being shown to have been the same from November, 1905, when the petition was filed, to March, 1906, when the jury of view made its report.

The amount allowed by the jury was paid into the hands of the clerk June 13, 1906, and the property was vested in defendants in error under their petition; a lien being reserved in favor of plaintiffs in error to secure any amount in addition that may be awarded by the court.

The plaintiffs in error insisted that they were entitled to interest from January 8, 1906, the date of the filing of their answer to the petition, in which they admitted the right of defendants in error to take the property.

If mistaken in that, they then insist that they were entitled to interest from March 6, 1906, the date of the report of the jury of view.

The defendant in error insisted that the interest was allowable only from the date of the verdict of the jury.

The circuit judge sustained the contention of defendants in error, plaintiffs in error have appealed, and the action of the circuit judge in this particular is the only error assigned.

The property was vacant, and produced no rents.

The theory of plaintiffs in error is that from the date the petition was filed they were denuded of the power to sell their property; that when they answered the petition, admitting the right to condemn, there was a surrender to the courthouse commissioners, and that this

was equivalent to a sale, the amount of the price to be thereafter determined; and, when the price should be determined, that it should bear interest from one of the dates mentioned.

It is insisted that, being vacant property, it could be beneficial to plaintiffs in error in only two ways, by a sale or by improvement, so as to render it rent-producing.

The courthouse commissioners did not take possession of the property until after the verdict of the jury and the judgment of the court thereon.

In *Alloway* v. *Nashville*, 88 Tenn., 510, 13 S. W., 123, 8 L. R. A., 123, the petition was filed by the city for the condemnation of certain property for reservoir purposes. There was an appeal by the defendant from the report of the jury of view as to the amount of the damages, and a trial before the court and a jury; the latter trial resulting in considerably increased damages. The city went into possession of the property, and began its work thereon, before final judgment.

Defendant prosecuted an appeal in error to this court, assigning, among other things, as error, the failure of the jury to allow interest on the damages. No instructions to the jury had been given or requested on that subject, and before judgment was entered defendant moved the court that interest be added, which was refused.

While Shannon's Code, section 3494, does not spe-

cifically provide for a case of this sort, it is said (page 528 of 88 Tenn., page 127 of 13 S. W.) :

"Nevertheless we have no hesitation in holding, upon general principles, that interest should have been allowed from the time of the appropriation of the property. From that time the original owner was deprived of the use and possession of the land taken. The liability of the city accrued at that date, though the amount thereof is not determined finally until long afterwards. Damages are properly assessed with reference to the value of the land taken and the depreciation of the residue at the time of condemnation. The legal rights of both parties, so far as the damages are concerned, are fixed at the time. . . . Witnesses are examined as to the amount of damages at the time of appropriation, and not at the time of trial. That method was properly adopted in this case."

In the case of *Railroad* v. *Moggridge,* 116 Tenn., 445, 92 S. W., 1114, which was a proceeding for the condemnation of property for railroad purposes, the only question presented was: At what date should the value of the property and the damages sustained be fixed, whether as of the date of the institution of the suit, or of the date actual possession was taken?

The suit was instituted June 28, 1902. The order of condemnation was made, and a jury of view was appointed, July 11, 1902, who made their report July 18th following, from which there was an appeal to the circuit. On May 1, 1905, the railroad company gave

Snowden v. Shelby Co.

bond for possession, and the circuit court ordered the writ to issue, and petitioner was put into possession July 14, 1905. The appeal was heard in November following, and the trial judge charged the jury to fix the value of the property as of July 14, 1905, and to give interest from the day following.

In that case there was no exception to the ruling of the trial judge with regard to interest. That question was not before this court, and was not decided. Defendant had continued in the possession of the property for the three years after the condemnation, and made no claim for interest from that time; at least, the question was not before this court.

The order of condemnation vests the petitioners with right to the property, thereby deprives the landowner of its use. Further litigation between the parties is only with regard to the value. While it is optionary with petitioners as to whether they will avail themselves of their right to take possession upon the filing of the report of the jury of view, their failure to exercise this right should not prejudice the rights of the landowner.

In this case the order of condemnation was rendered February 23, 1906, and the circuit judge was in error in failing to allow interest from that date to June 13, 1906, when defendants in error paid into court the amount finally allowed by the jury.

The judgment of the court below is reversed, and judgment will be entered here in favor of plaintiffs in error accordingly, and for the costs of the appeal.