Sullivan County, Tennessee, Respondent,

*v.*

Alma M. Pope, Petitioner.

448 S.W.2d 666.

(*Knoxville,* September Term, 1969.)

Opinion filed December 18, 1969.

SANDERS & WILSON, Kingsport, for respondent.

TOM H. ROGAN, Rogersville, STACY J. GRAYSON, Bristol, for petitioner.

MR. ERBY L. JENKINS, SPECIAL JUSTICE, delivered the opinion of the Court.

The parties will be referred to either by name or as they appeared in the trial court: Alma M. Pope as petitioner and Sullivan County, Tennessee, as defendant.

This is a proceeding under T.C.A. Section 23-1423 wherein the petitioner sought compensation from the defendant for the taking of eight acres of land and for incidental damages to her remaining 120 acres. The trial of the case resulted in a verdict in favor of the petitioner

in the amount of $23,000.00. The Circuit Court further ordered that the petitioner recover of the defendant the sum of $2,242.45, this amount representing interest on the $23,000.00 from the time when the State took possession of petitioner's land, January 5, 1967, to the date upon which the State paid into the court the $23,000.00, August 20, 1968. The Court of Appeals, one Judge dissenting, reversed the Circuit Court on the matter of interest, holding that interest was allowable only from September 19, 1967, the date of the verdict and judgment, to August 20, 1968.

On February 25, 1966, the husband of the petitioner executed a "Right of Entry" authorizing the Tennessee Department of Highways to take possession of the eight acre tract which constitutes the subject matter of this lawsuit. No compensation was agreed upon at that time. The State took possession of the eight acres on January 5, 1967, and commenced the construction thereon of an information center, rest stop and welcoming station for persons using the highway which adjoined that tract of land. The petitioner's husband died, and she became the sole owner of the property. Unable to agree on a satisfactory value of the tract through negotiation, the petitioner, on July 20, 1967, filed her declaration, suing the defendant for the sum of $35,000.00.

The sole issue before this Court is whether interest is allowable from the date the State took possession under a "Right of Entry," January 5, 1967, or from the date the judgment was rendered in the trial court, September 19, 1967.

In eminent domain proceedings, where the State is the moving party in the lawsuit, Tennessee courts have fa-

vored the allowance of interest from the time of the appropriation of the property. This is so even though T.C.A. Section 23-1414, which deals with the elements of damages in an eminent domain proceeding, does not expressly provide for interest.

Likewise, Tennessee has no statute which specifically provides for the accrual of interest in a case where the landowner is the moving party in the condemnation proceedings. The statute under which the petitioner proceeded in this case, T.C.A. Section 23-1423, makes no reference to interest payments. However, such is not determinative of the question before us.

This Court, in *Alloway v. City of Nashville* (1890), 88 Tenn. 510, 13 S.W. 123, 8 L.R.A. 123 said:

"The statute authorizing the condemnation of private property for public use * * * is silent on this subject (interest) * * * Nevertheless, we have no hesitation in holding, upon general principles, that interest should have been allowed from the time of the appropriation of the property. From that time the original owner was deprived of the use and possession of the land taken."

In a more recent case, *Shook & Fletcher Supply Company v. City of Nashville* (1960), 47 Tenn.App. 339, 338 S.W.2d 237, the Court of Appeals followed the same reasoning:

"(I)nterest should have been allowed from * * * the date of the original taking of the property as was held in *Snowden v. Shelby County*, 118 Tenn. 725, 102 S.W. 90."

The defendant contends that the above-cited cases are inapplicable to the issue under consideration, because

the preceding cases were direct condemnation actions and not "inverse condemnation" actions as provided for in T.C.A. Section 23-1423. We feel, however, there is no purpose in making such distinctions.

The principal thrust of the former cases is that it is only fair and equitable to allow interest from the time the property is "appropriated," whether such appropriation is by an order of condemnation or possession. In either instance the landowner is deprived of the beneficial use of his land; and when payment does not coincide with the "taking" but is postponed, it is only fair that interest accrue from the time that payment ought to have been made until it is actually made. When the defendant took possession of petitioner's land on January 5, 1967, she no longer had the use of her land and could not derive any benefits therefrom. Therefore, interest should accrue from that date.

Defendant's next contention is that since petitioner elected to sue the defendant for damages in the ordinary way rather than petitioning for a jury of inquest as provided by T.C.A. Section 23-1423, then the accrual of interest should be governed by T.C.A. Section 47-14-110.

T.C.A. Section 23-1423 provides an aggrieved landowner, whose property has been taken by eminent domain, with two remedies: (1) he may petition for a jury of inquest, which is generally referred to as an inverse condemnation proceeding, *Johnson v. Roane County* (1963), 212 Tenn. 433, 370 S.W.2d 496; or (2) he may sue for damages in the ordinary way. We agree with the Court of Appeals that the present case did not involve a true inverse condemnation proceeding because the record indicates that there was no jury of inquest. Consequently, defendant argues that since petitioner

elected to sue for damages in the ordinary way, T.C.A. Section 47-14-110 is applicable to the computation of interest:

> "Interest shall be computed on every judgment from the day on which it was entered of record."

We do not feel compelled to so construe a suit under T.C.A. Section 23-1423 as an ordinary damage suit and thereby governed by the terms of T.C.A. Section 47-14-110.

■ When a person's property is taken under the power of eminent domain, the owner is entitled to its full value on the date of the appropriation. If payment is postponed and litigation later ensues, dealing only with the assessment of the amount of damages, interest should be computed from the time that payment ought to have been made, i. e., the appropriation date. Upon general principles, no distinction should be made by allowing interest from the date of appropriation if the landowner petitions for a jury of inquest, but disallowing interest if he sues for damages in the ordinary way as provided by T.C.A. Section 23-1423.

To hold otherwise would give the State a distinct advantage over the landowner and to hold that interest does not begin with the taking in instances of this nature would mean that the landowner could be deprived of his land and its value until the day of Judgment which in some cases is a long time arriving.

It is often said that the Wheels of Justice, like the mills of God grind slowly, yet they grind exceeding small. Many will agree but complain with the first part of this phrase, but disagree violently with the last part, and sometimes for good reason.

■ Suppose in this case that the wheels of justice had ground exceedingly slow, and that the case had not come on for trial for four or five years,—and this is a distinct possibility with the crowded dockets of our courts today, —did the plaintiff have to wait for Judgment Day for interest to begin to run? We think not. The agreement was a "taking." To hold otherwise would work a hardship on the landowner. The State had the land or the use thereof, and also had its money (or the plaintiff's money). If the State's contention were to be upheld, there could conceivably never be any condemnation actions. Agreements could be entered into and no settlement ever made and all landowners would have to proceed by inverse condemnation or sue as did the plaintiff in this case. We cannot accept the majority opinion of the Court of Appeals or the State's theory.

We, therefore, overrule the Court of Appeals and affirm the ruling of the lower court, and judgment will be entered accordingly, and the costs taxed against the defendant below.

DYER, CHIEF JUSTICE, CRESON, JUSTICE, and BOZEMAN, SPECIAL JUSTICE, concur.

McCANLESS, JUSTICE, not participating.