**C. E. SCOTT et al., Appellants-Plaintiffs,**

**v.**

**ROANE COUNTY, Tennessee, Appellee-Defendant.**

Supreme Court of Tennessee.

. April 3, 1972.

J. Polk Cooley, Rockwood, for appellant.

David M. Pack, Atty. Gen., Russell G. Lazenby, Jr., Asst. Atty. Gen., Nashville, for appellee.

OPINION

JENKINS, Special Justice.

Plaintiff brought two actions in the Circuit Court for Roane County, Tennessee, on the 14th day of May, 1968, by filing a cost bond with the Clerk of the Court and causing summons to issue for the defendant, Roane County, Tennessee, which summonses were executed and returned in each case. The actions claimed damages for the taking of two separate parcels of land which were not contiguous. The summons in each case contained the following language: ". . . . to answer C. E. Scott in an action for damages in the amount of . . . . ." One action was for $7,500.-00, and the other was for $15,000.00

Declarations were filed in each case on the 4th day of May, 1970.

Pleas in abatement were filed by defendant on the 20th day of March, 1971, which pleas were heard and overruled. Defendant then filed a demurrer, which was brought up for argument in the May 1971 Term of Circuit Court. The court sustained the demurrer and dismissed plaintiff's case in each instance, whereupon appeal was brought to this Court. The two cases were consolidated for hearing and the assignments of error apply to both cases.

The Court is called upon to interpret the language of T.C.A. § 23–1423, dealing with inverse or reverse condemnation proceedings. The statute reads:

"If, however, such person or company has actually take [sic] possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or he may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest."

The question for this Court is whether a summons is a proper way to commence an action under T.C.A. § 23-1423, when the party is seeking the second remedy or is suing "for damages in the ordinary way."

The summons issued on May 14, 1968, read: ". . . . to answer C. E. Scott, in an action for damages in the amount of . . . . " The declaration filed May 4, 1970, read:

"Plaintiff, C. E. Scott, sues the defendant, Roane County, one of the counties of the State of Tennessee for damages in the sum of Fifteen Thousand Dollars ($15,000.00), and for his cause of action, says: . . . . "

The plaintiff's prayer for relief stated: "Plaintiff therefore avers that the State of Tennessee has appropriated property and/or property interests of this plaintiff by inflicting substantial, permanent and irreparable injury on plaintiff's premises hereinabove described without compensating plaintiff for same, and that he is entitled to recover reasonable value for the damages thereby rendered.

"Wherefore, and from all of which, plaintiff sues the defendant for damages in the amount aforesaid and demands a jury to try his case."

The summons and declarations both refer to an action for damages and at no place refer to an inverse condemnation action or ask for a jury of view. From these pleadings, it is clear the plaintiff was seeking relief under the second remedy or an action for damages in the ordinary way.

In Johnson, et al. v. Roane County, Tennessee, 212 Tenn. 433, 370 S.W.2d 496 (1963), this Court determined that a summons was not a proper way to commence a suit when seeking the first remedy under T.C.A. § 23-1423. The Court held that the Clerk of the court was without authority to issue summons as notice required by eminent domain statute until reverse petition for condemnation had been filed and suing out of summons within one year after dis-

missal of first suit by owners did not save plaintiffs from bar of statute of limitations. The Court's opinion made the following reference to an action for damages in the ordinary way:

"The summons of January 16, 1962 was a proper way to commence an action under this statute (23-1423) as a suit for damages in the ordinary way, and was timely filed."

The suit now before this Court seeks the second remedy, so the language of Johnson, et al. v. Roane County, Tennessee, supra, regarding the first remedy is in no way controlling.

The appellee relies on Sullivan County v. Pope, 223 Tenn. 575, 448 S.W.2d 666 (1969), in which the Court was confronted with an interpretation of the phrase "in the ordinary way" as it pertained to the date from which interest on the judgment should run. The Court's reasoning was:

"When a person's property is taken under the power of eminent domain, the owner is entitled to its full value on the date of the appropriation. If payment is postponed and litigation later ensues, dealing only with the assessment of the amount of damages, interest should be computed from the time that payment ought to have been made, i. e., the appropriation date. Upon general principles, no distinction should be made by allowing interest from the date of appropriation if the landowner petitions for a jury of inquest, but disallowing interest if he sues for damages in the ordinary way as provided by T.C.A. Section 23-1423."

This language dealing with compensation to a property owner does not show an intent on the part of the court to remove the distinctions between the first and second remedy under T.C.A. § 23-1423.

The statute, T.C.A. § 23-1423, should be read as allowing two distinct actions. The first being an inverse or reverse condemnation action and the second

being a suit "for damages in the ordinary way." This suit was brought under the second remedy or as a suit for damages in the ordinary way. As such it was properly commenced by the filing of the summons on May 14, 1968.

> "T.C.A. § 20–201. Commencement by summons.—All civil actions at law, in courts of record or before justices of the peace, except otherwise provided, shall be commenced by summons."

T.C.A. § 20–201 sets out the procedure for a suit for damages in the ordinary way. T.C.A. §§ 23–1404 and 23–1405 would apply to the first remedy under T.C.A. § 23–1423, but not to a suit for damages in the ordinary way.

We feel that the demurrer was improperly sustained for the suit was properly commenced by the summons filed within the period prescribed by the statute of limitation, T.C.A. § 23–1424.

Therefore, the action of the trial court is reversed and the cases remanded for a hearing on the merits.

DYER, C. J., and CRESON, HUMPHREYS, and McCANLESS, JJ., concur.